**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 20 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TERRANCE JOE QUINLAN, | No. 23-35071 |
| Plaintiff-Appellant, | D.C. No. 2:21-cv-00991-TSZ |
| v. | |
| JOHN CONATY, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF); DOUG WHITLEY, Kent Police Dept, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Submitted June 17, 2024[**]

Before:     CANBY, PAEZ, and SUNG, Circuit Judges.

Terrance Joe Quinlan appeals pro se from the district court's judgment

dismissing his action under *Bivens v. Six Unknown Named Agents of Federal*

*Bureau of Narcotics*, 403 U.S. 388 (1971), alleging claims related to his arrest.  We

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6).  *Puri v. Khalsa*, 844 F.3d 1152, 1157 (9th Cir. 2017).  We affirm.

The district court properly dismissed Quinlan's action because Quinlan's claims do not arise in one of the three contexts the Supreme Court has recognized for *Bivens* claims, and thus would require expansion of the *Bivens* remedy.  *See Egbert v. Boule*, 596 U.S. 482, 491-93 (2022) (explaining that recognizing a cause of action under *Bivens* is "a disfavored judicial activity" and that the presence of an alternative remedial structure precludes recognizing a *Bivens* cause of action in a new context); *Mejia v. Miller*, 61 F.4th 663, 666 (9th Cir. 2023) (acknowledging Supreme Court's reluctance to recognize any new *Bivens* claims).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions are denied.

**AFFIRMED.**